2003 ND 115

**Troy W. COONS, Plaintiff and Appellant,**

v.

**Susan K. COONS, Defendant and Appellee.**

**No. 20020169.**

Supreme Court of North Dakota.

July 16, 2003.

Tom P. Slorby, Minot, N.D., for plaintiff and appellant.

Susan K. Coons, pro se (no appearance), Sheridan, WY, defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Troy Coons appeals a Northwest District Court judgment granting Susan Coons custody of their two minor children. He argues the district court erred in granting custody to Susan Coons, because of her disregard for the children's education and well-being, and argues the court prejudged the case before all of the evidence was entered. We affirm.

I

[¶ 2] The parties married in California in June 1993 and moved to Donnybrook, North Dakota, in 1995. In April 2000, Susan Coons moved to Wyoming. On February 20, 2001, Troy Coons filed for divorce. On February 21, 2001, the district court awarded Troy Coons interim custody of the two minor children. The divorce trial began on December 5, 2001. On December 7, the district court declared time was running out and asked Troy Coons whether he would prefer the court make its decision on the record up to that point or postpone the rest of the trial and make its decision after hearing all of the evidence. Troy Coons chose postponement. At that point, the district court reversed its previous order and gave interim custody of the children to Susan Coons. The trial continued on May 23–24, 2002. The district court granted Susan Coons legal and physical custody of their children.

[¶ 3] The couple's son has had psychological problems ever since he was attacked by a dog when he was two years old. His kindergarten teacher recommended he repeat his kindergarten year. Troy Coons agreed, but Susan Coons objected. While Troy Coons had interim custody, their son started his second year of kindergarten, but after interim custody was reversed to Susan Coons in December of 2001, she moved the children to Wyoming and entered their son into the second semester of first grade.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

II

[¶ 5] Troy Coons argues the district court erred in granting Susan Coons custody of the children, because she does not view their education as a priority.

[¶ 6] We have "summarized our process of limited review of a trial court's custody award under N.D.R.Civ.P. 52(a)":

"In a divorce proceeding, the trial court must award custody of the minor children based upon a determination of the best interests and welfare of the children. The trial court is vested with substantial discretion in matters of custody and in the determination of what is in the best interests of the children. A trial court's custody determination is a finding of fact that will not be set aside on appeal unless it is clearly erroneous. A trial court's findings of fact are presumptively correct. The complaining party bears the burden of demonstrating on appeal that a finding of fact is clearly erroneous. In reviewing findings of fact, we must view the evidence in the light most favorable to the findings. A choice between two permissible views of the evidence is not clearly erroneous. Simply because we might view the evidence differently does not entitle us to reverse the trial court. A finding of fact is clearly erroneous only if the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made."

*Schmaltz v. Schmaltz,* 1998 ND 212, ¶ 6, 586 N.W.2d 852 (quoting *Reimche v. Reimche,* 1997 ND 138, ¶ 12, 566 N.W.2d 790 (citations omitted)).

■ [¶ 7] "By statute, the trial court is vested with the authority to award custody to the parent who will promote the best interests and welfare of the child." *Schmaltz,* 1998 ND 212, ¶ 9, 586 N.W.2d 852 (citing N.D.C.C. § 14–09–06.1; *Schneider v. Livingston,* 543 N.W.2d 228, 233 (N.D.1996)). Section 14–09–06.2(1), N.D.C.C., sets out the guidelines for the best interests of the child:

For the purpose of custody, the best interests and welfare of the child is determined by the court's consideration and evaluation of all factors affecting the best interests and welfare of the child.

These factors include all of the following when applicable:

a. The love, affection, and other emotional ties existing between the parents and child.

b. The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.

c. The disposition of the parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

d. The length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity.

e. The permanence, as a family unit, of the existing or proposed custodial home.

f. The moral fitness of the parents.

g. The mental and physical health of the parents.

h. The home, school, and community record of the child.

i. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

j. Evidence of domestic violence. In awarding custody or granting rights of visitation, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates

a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded sole or joint custody of a child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent's participation as a custodial parent. The court shall cite specific findings of fact to show that the custody or visitation arrangement best protects the child and the parent or other family or household member who is the victim of domestic violence. If necessary to protect the welfare of the child, custody may be awarded to a suitable third person, provided that the person would not allow access to a violent parent except as ordered by the court. If the court awards custody to a third person, the court shall give priority to the child's nearest suitable adult relative. The fact that the abused parent suffers from the effects of the abuse may not be grounds for denying that parent custody. As used in this subdivision, "domestic violence" means domestic violence as defined in section 14–07.1–01. A court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14–07.1.

k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50–25.1–02.

m. Any other factors considered by the court to be relevant to a particular child custody dispute.

[¶ 8] Upon considering the relevant factors for awarding custody under N.D.C.C. § 14–09–06.2(1), the district court stated this was a tough decision, and concluded it would be in the children's best interests to award custody to Susan Coons.

[¶ 9] Troy Coons argues that during the time he had interim custody, Susan Coons' visitation requests resulted in their son missing school days during his kindergarten year. He argues that when Susan Coons moved the children to Wyoming, she entered their son into the second semester of first grade without first consulting his former kindergarten teacher. He argues Susan Coons should have discussed their son's educational needs with the child's kindergarten teacher or counselor. In weighing the statutory factors, the district court stated:

As to education, there was a disagreement as to starting [their son] in the first grade, but it appears to have been correct, and given his age, second grade would seem to be the better place for him.

. . . .

[Their son's] schooling was the subject of a great deal of testimony by the parties and his former teacher.

. . . .

If a child is not ready for school, it is quite often better to hold them back early rather than have them fail a grade later on and then be separated from friends. But as [their son] is already age seven, it is good that he was tested and was able to make it. Otherwise,

there will be a two-year gap between him and his classmates. This is also something that can cause problems later on.

Overall, [their son] seems to be doing well. The move might have actually benefitted him, as it is pretty clear from the Plaintiff's testimony and that of his former teacher that he would have remained in kindergarten if he had remained in North Dakota. So this factor slightly favors [Susan Coons].

[¶ 10] On the subject of education, the district court noted: "However, [Troy Coons] was active in [their son's] schooling and was an involved parent when [their son] was in North Dakota, and he kept informed even when [their son] was in Wyoming. This speaks well for [Troy Coons]."

[¶ 11] Troy Coons argues that Susan Coons' bringing two dogs into her home in light of their son's emotional problems with dogs proves her disregard for the children's well-being. After weighing this issue under the statutory guidelines, the district court stated it was a concern, but it was also a symptom of the lack of communication between the parties, which the court seemed to find more disturbing. The district court found this factor to be equal, if not slightly in favor of Troy Coons.

[¶ 12] The district court found that the parties had a lack of trust and communication, that often one party was not telling the truth about a given situation, and that it was hard to decipher which party was being truthful when testifying.

[¶ 13] Troy Coons argues that his evidence at trial proves he did not physically abuse Susan Coons or the children, and that Susan provided no evidence to the contrary. This issue appears to have been carefully weighed by the district court:

After the first two days of testimony, I was convinced that the domestic abuse factor would tip the balance in favor of custody to [Susan Coons]. After the second two days, I questioned my earlier conclusions. So I have reviewed the transcripts and portions of the taped testimony. After review, I was again impressed with the sincerity of [Susan Coons]. My notes reflect that when she testified about the abuse, her normal stoic demeanor became very emotional. It was as if she were reliving the events. It showed in her voice, her eyes, and total body language.

. . . .

I find that there was a pattern of abuse that raises the presumption in favor of custody for [Susan Coons].

[¶ 14] Section 14–09–06.2(1)(j), N.D.C.C., states there is "a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded sole or joint custody of a child" and "[t]his presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent's participation as a custodial parent." *See also Heck v. Reed*, 529 N.W.2d 155, 158 (N.D.1995). Troy Coons does not argue that the presumption has been overcome.

[¶ 15] In viewing the evidence in the light most favorable to the findings, we conclude the district court was not clearly erroneous. The findings of fact demonstrate that the district court carefully weighed every fact under N.D.C.C. § 14–09–06.2(1) in determining custody. The record does not establish that a mistake has been made.

### III

[¶ 16] Troy Coons also argues the district court erred in prejudging the case, by rendering a decision before having heard all of the evidence, when it gave him

an ultimatum to choose between the court's deciding the case on the record or continuing the trial after December 7, 2001, in which case the interim custody would be reversed until the final judgment. Troy Coons argues the district court erred in reversing the interim custody order without first having found a change in circumstances.

[¶ 17] Under North Dakota law, it is not necessary to find a change of circumstances to modify an interim custody order. However, because this Court has held "that custody, once granted, should not be changed for light or transient reasons, since children should not be bandied about, subject as they are to psychological damage in case of frequent changes of custody," we recognize that "temporary-custody orders have a tendency to become permanent-custody orders." *Odegard v. Odegard*, 259 N.W.2d 484, 485 (N.D.1977). That phenomenon exists largely because of the court's concern for the physical and psychological stability of the child. One parent's custody of the child while the divorce is pending may result in the creation of emotional bonds and security in one's surroundings that are desirable to perpetuate in the permanent custody order. *Catlin v. Catlin*, 494 N.W.2d 581, 585 (N.D.1992).

[¶ 18] The district court ran out of time on December 7, 2001, to hear all of the evidence, but the court did not make its final judgment until after all of the evidence had been presented in May of 2002. During testimony presented by Susan Coons on December 5–7, 2001, the district court heard evidence of physical abuse by Troy Coons. The district court stated in its final order that after the first two days of testimony, Susan Coons had met her burden of proof under N.D.C.C. § 14–09–06.2(1)(j) in proving the allegations by credible evidence. Because of the time

problem, the permanent custody order would be postponed for five months, until Troy Coons could present his evidence.

[¶ 19] After the district court found the presumption of abuse existed, it did not err in finding a change in interim custody was required until the presumption could be, if possible, rebutted by Troy Coons. The district court found Troy Coons did not rebut the presumption; thus, custody was granted to Susan Coons. Troy Coons did not cite to any authority for this issue on appeal. We conclude there is no evidence that the district court prejudged the case merely because it reversed interim custody.

IV

[¶ 20] We conclude the district court did not err in its determination of child custody and did not prejudge the case. We affirm.

[¶ 21] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.